■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER A. GIFFORD, Appellant. [913 NYS2d 597]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered July 10, 2007. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts), and rape in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of two counts of murder in the second degree (Penal Law § 125.25 [1], [3]) and one count of rape in the first degree (§ 130.35 [1]), defendant contends that the conviction is not supported by legally sufficient evidence because the jury would have had to draw inferences from other inferences rather than from the requisite established facts in order to convict him (*see People v Razezicz*, 206 NY 249, 269-270 [1912]; *see also People v Kennedy*, 32 NY 141, 145-146 [1865]). We reject that contention.

Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that "there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime[s] proved beyond a reasonable doubt" (*People v Steinberg*, 79 NY2d 673, 682 [1992]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "In the end, it is a question whether common human experience would lead a reasonable [person], putting his [or her] mind to it, to reject or accept the inferences asserted for the established facts" (*People v Wachowicz*, 22 NY2d 369, 372 [1968]). Here, contrary to defendant's contention, there were sufficient established facts from which permissible inferences could be drawn to lead a reasonable person to conclude that defendant raped the first victim and that either defendant or his accomplice killed that victim "in the course of and in furtherance of such crime or of immediate flight therefrom" (§ 125.25 [3]). Permissible inferences also could be drawn to lead a reasonable person to conclude that defendant killed the second victim, who was also killed in a similar manner shortly after having sexual relations with defendant.

In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Present—Scudder, P.J., Martoche, Green, Pine and Gorski, JJ.